## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| KIMBERLY ZISCAND, individually and on behalf of herself and all others similarly situated, | Case No.: 2:26-cv-946 |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| V&B PHARMACY INC. d/b/a HAVEN DRUGS, | |
| Defendant. | |

Plaintiff Kimberly Ziscand (hereinafter the "Plaintiff"), by and through her attorneys, Consumer Attorneys PLLC, hereby complains of the Defendant V&B Pharmacy Inc. d/b/a Haven Drugs (hereinafter the "Defendant"), upon information and belief, as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action alleging that Defendant had violated the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.*, the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§ 2601–2654), and the New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.* (hereinafter the "NYLL").

2.      Upon information and belief, from approximately February 2023 to February 2024, Defendant carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours as required by law, including non-payment of overtime pay.

3.      Plaintiff has therefore commenced this action to recover unpaid wages she had been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated.

4. Plaintiff likewise seeks damages to redress the injuries she has suffered as a result of being interfered with and deprived of her right to leave to take care of her mother and retaliated against following her request for the same.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FLSA and FMLA.

6. This Court has supplemental jurisdiction over related state claims of the NYLL against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York.

8. At all times relevant, Defendants engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s) as Defendants earned revenues in excess of $500,000.00 per year for the last three (3) years, by providing pharmacy services to customers and dispensing prescription medications and other pharmaceutical products that traveled in interstate commerce.

## PARTIES

9. At all relevant times, Plaintiff was and is a citizen of the State of New York residing in Suffolk County.

10. Upon Information and belief, Defendant is a corporation duly existing pursuant to, and by virtue of, laws of New York, which is authorized to do business in the State of New York, including in this district.

11.     Upon information and belief, Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

12.     At all relevant times, Plaintiff was an employee of Defendant located at 76 Southaven Ave., Medford, NY 11763.

## STATEMENT OF FACTS

13.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiff for all hours worked for every workweek, including the proper overtime compensation as required by law.

14.     Plaintiff commenced employment with Defendant in or about February 2023, wherein she served as a Prescription Processing Specialist and Logistics.

15.     While employed, Plaintiff typically and customarily performed compensable duties for the benefit of Defendant and its customers with an official work schedule of Monday through Friday, from about 9:00 AM to around 7:00 PM, for a total of fifty (50) hours a week.

16.     Occasionally, Plaintiff was required to report for field work until 8:30 PM.

17.     During the relevant period, Defendant failed to pay Plaintiff the proper wages and compensation under the law by failing to pay her an hourly wage that was equal to or greater than one-and-a-half times Plaintiff's regular rate of pay for all time spent performing work in excess of forty (40) hours of his regular workweek.

18.     At all times relevant, Defendant has had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

19.     At all times relevant, Defendant had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

20.    At all times relevant, Defendant had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

21.    Plaintiff was then relieved from his employment with Defendant after around one (1) year of not receiving the proper compensation for his overtime hours worked and having her complaints concerning same fall on deaf ears.

22.    At all times during his employment for Defendant, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding her work performance.

23.    Upon information and belief, Defendant at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

24.    As a result of Defendant's violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that she should have received for his regular hours and overtime hours in compliance with the FLSA.

25.    Furthermore, Defendant's willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate her hours work and determine if she was being paid time-and-a-half in accordance with the FLSA.

26.    As a result of these violations of wage-and-hour laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

27.    Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

28.    Under Plaintiff's contract of employment with the Defendant or its policies, Plaintiff is entitled to ten (10) paid time offs which may be used during Plaintiff's sickness,

personal and vacation needs, subject only to the condition that Plaintiff must inform the Defendant in advance of the date when this times offs will be availed.

29.    In the course of her employment, Plaintiff was prevented by Defendant to avail herself of paid vacation.

30.    Moreover, Defendant, in interpreting the contract, told Plaintiff that the paid time off not availed of cannot be carried on the subsequent years.

31.    Prior to her termination, Plaintiff's mother was hospitalized and Plaintiff sought time off to take care of her.

32.    Rather than accommodate her request, upon complaining about the deprivation of her FMLA leave, Defendant terminated Plaintiff's employment.

33.    Such action on the part of the Defendant was clearly a pretext for Plaintiff's earlier requests for leave.

34.    Accordingly, as a result of Defendant's blatant and willful violations of multiple federal and state employment laws, including her protected rights against interference and retaliation, Defendant's actions have collectively detrimentally affected Plaintiff's emotional state of mind and caused her financial harm as well.

35.    It is clear from the extremely short temporal proximity of Plaintiff's request for leave and Defendant's decision to terminate her that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

36.    Rather than comply with the law, Defendant terminated Plaintiff in order to prevent her from availing herself of paid time off and unpaid leave as is required by law.

37.    Defendant acted intentionally and intended to harm Plaintiff.

38.    Defendant retaliated against Plaintiff solely because she requested FMLA leave.

39.     As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

40.     Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41.     Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for seeking to permit him to seek leave as is her right under the law.

42.     The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing him.

43.     Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

44.     Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

45.     As such, Plaintiff demands punitive damages as against Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

46.     Plaintiff brings this FLSA claim as a collective action on behalf of herself and others similarly situated who have been employed by the Defendants during the full statute of limitations period (hereinafter the "FLSA Collective Members").

47.     At all relevant times, Plaintiff and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendant's practices of: (i) failing to compensate Plaintiff and the FLSA Collective Members at one and one-half times their regular rate of pay for

all hours worked in excess of 40 hours in a workweek; and (ii) failing to timely pay all wages owed.

48.     At all relevant times, Defendant had been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

49.     Defendant's violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

50.     As a result of its unlawful conduct, Defendant is liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

51.     While the exact number of the FLSA Collective is unknown to Plaintiff at this time, upon information and belief, there are approximately fifty (50) individuals of the FLSA Collective Members.

52.     Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective Members.

53.     Accordingly, the Court should require the Defendant to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff brings this action, in part, as a class action under the NYLL as well as all applicable regulations thereunder.

**A. Class Definition**

55.     Plaintiff seeks to maintain claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), on behalf of herself and a class of all other employees who have been employed by Joint Employers at any time during the full statute of limitations period (hereinafter the "Class").

56.     Additionally, Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of herself and a subclass of all individuals who have been employed by Joint Employers at any time during the full statute of limitations period (hereinafter the "Subclass").

57.     Plaintiff alleges, on behalf of herself and the Class, that Joint Employers violated the NYLL by maintaining a common policy and practice of failing to compensate Plaintiff and the Class at one and one-half times their regular rates of pay for hours worked in excess of forty (40) in a workweek.

58.     Plaintiff, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Joint Employers' wage practices have had on them individually and as a group.

59.     The wage practices described herein are part of Joint Employers' normal course of conduct.

60.     Pursuant to Rule 23, Plaintiff's NYLL claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

**B. Numerosity and Impracticability of Joinder**

8

61.    The members of the Class and Subclass are so numerous that joinder is impracticable.

62.    While the exact number of the members of the Class is unknown to Plaintiff at this time, upon information and belief, there are approximately forty (40) members of the Class.

63.    While the exact number of the members of the Subclass is unknown to Plaintiff at this time, upon information and belief, there are approximately forty (40) members of the Subclass.

64.    Therefore, the numerosity requirement of Rule 23(a) is satisfied.

**C. Common Questions of Law and Fact**

65.    Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

66.    Indeed, there are few, if any, purely individual issues in this action.

67.    The questions of law and fact common to Plaintiff and the Class include, without limitation:

(a) whether Defendants maintained a common policy or practice of failing to pay overtime compensation to Plaintiff and the Class for hours worked in excess of forty (40) in a workweek;

(b) whether Defendants failed to compensate Plaintiff and the Class at one and one-half times their regular rates of pay for overtime hours worked;

(c) whether Defendants' failure to pay overtime wages was willful; and

(d) whether Defendants failed to provide Plaintiff and the Class with wage notices at the time of hiring and/or upon changes in pay rates;

(e) whether Defendants failed to provide Plaintiff and the Class with accurate wage statements with each payment of wages; and

(f) whether Plaintiff and the Class are entitled to unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs under the NYLL.

68.    Accordingly, the common question requirement of Rule 23(a) is satisfied.

**D. Typicality of Claims and Relief Sought**

69.    Plaintiff's claims are typical of the claims of the members of the Class and Subclass she seeks to represent.

70.    Plaintiff, the Class, and the Subclass work or have worked for Joint Employers, and are or were subject to the same compensation policies and practices.

71.    The wage violations suffered by Plaintiff, and the damages resulting therefrom, are typical of Joint Employers' treatment of their Employees, generally, and of the Class and Subclass, specifically.

72.    Therefore, the typicality requirement of Rule 23(a) is satisfied.

**E. Adequacy of Representation**

73.    Plaintiff will fairly and adequately protect the interests of the Class and Subclass because Plaintiff 's interests are coextensive and aligned with those of the members of the Class and Subclass.

74.    Plaintiff has no interests adverse to the Class and Subclass she seeks to represent.

75.    Plaintiff is willing and able to represent the Class and Subclass fairly and vigorously, in part because she does not assert individual NYLL claims separate and apart from the  Class and Subclass she seeks to represent.

76.    Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

77.     The combined interests, experience, and resources of Plaintiff and her counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

**F. Requirements of Rule 23(b)(1)**

78.     Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

79.     Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, the Subclass, and Defendants.

80.     By filing this Complaint, Plaintiff preserves the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

81.     Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

**G. Requirements of Rule 23(b)(2)**

82.     Defendants acted on grounds, as described herein, generally applicable to Plaintiff, the Class, and the Subclass by denying Plaintiff and the Subclass minimum wages, and denying Plaintiff and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

83.     These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff, the Class, and the Subclass as a whole.

84.     Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and

overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

85.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiff' and the Class's and Subclass's entitlement to monetary and non-monetary remedies for such wage violations.

86.    Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H. Requirements of Rule 23(b)(3)**

87.    The common issues of fact and law affecting Plaintiff's claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

88.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and those of the Class and Subclass.

89.    The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

90.    This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

**AS A FIRST CAUSE OF ACTION FOR**
**RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA**
**(On Behalf of Plaintiff and the FLSA Collective Members)**

91.    Plaintiff, on behalf of herself and the Collective Action Members, re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

92.    Defendant knowingly and willfully failed to pay Plaintiff for the proper compensation corresponding to the overtime hours of work.

93.    Plaintiff is entitled to compensation for each of her overtime hours worked each work week.

94.    The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

95.    Similarly, Defendant is liable for the Plaintiff for associated damages pursuant to 29 U.S.C. § 206(a)(1) and the NYLL.

96.    Defendant had failed to pay Plaintiff and the Collective Action Members overtime compensation for hours that they worked in excess of forty (40) hours in a workweek.

97.    By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

98.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

99.    Because Defendant's violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

100.    As a result of Defendant's unlawful acts, Plaintiff and the Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## AS A SECOND CAUSE OF ACTION FOR
## RECOVERY OF OVERTIME COMPENSATION UNDER THE NYLL
### (On Behalf of Plaintiff and the Class)

101.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

102.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

103.    The NYLL requires covered employers, including Defendant, to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked in a workweek, including overtime compensation.

104.    Plaintiff and the Class were not exempt from the requirement and are entitled to be paid by Defendant at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

105.    Throughout the full statute of limitations period, Defendant had engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all hours worked.

106.    Defendant had failed to pay Plaintiff and the Class overtime for hours that they worked in excess of forty (40) hours in a workweek.

107.     As a result of Defendant's failure to compensate Plaintiff and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendant had violated the NYLL and/or applicable regulations thereunder.

108.    Defendant had acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

109.    Defendant's violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, inter alia, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### AS A THIRD CAUSE OF ACTION FOR
### FAILURE TO PROVIDE NOTICES OF PAY RATE UNDER THE NYLL
#### (On Behalf of Plaintiff and the Class)

110.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

111.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

112.    The NYLL requires covered employers, including Defendant, to provide employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

113.    Plaintiff and the Class were not exempt from the requirement that Defendant provide them with Notices of Pay Rate.

114.    Throughout the full statute of limitations period, Defendant had engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff and the Class.

115.    As a result of Defendant's failure to provide Notices of Pay Rate to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195.

116.    Defendant had acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the Class in accordance with the NYLL.

117.    Defendant's violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $50 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**AS A FOURTH CAUSE OF ACTION FOR
INACCURATE WAGE STATEMENTS UNDER THE NYLL
(On Behalf of Plaintiff and the Class)**

118.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

119.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

120.    The NYLL requires covered employers, including Defendant, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

16

week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages."

121.    Plaintiff and the Class were not exempt from the requirement that Defendant provide them with accurate wage statements.

122.    Throughout the full statute of limitations period, Defendant had engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the Class.

123.    As a result of Defendant's failure to furnish accurate wage statements to Plaintiff and the Class, Joint Defendants have violated, *inter alia*, NYLL § 195.

124.    Defendant had acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiff and the Class in accordance with the NYLL.

125.    Defendant's violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

## AS A FIFTH CAUSE OF ACTION FOR INTERFERENCE UNDER THE FMLA

126.    Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

127.    Plaintiff was eligible for the FMLA's protections and entitled to leave under the FMLA.

128.    Defendant is covered by the FMLA.

129.    Defendant interfered with, restrained, or denied Plaintiff's FMLA benefits to which she was entitled.

17

130.    Defendant's interference has caused Plaintiff harm.

131.    Defendant willfully and unlawfully interfered with, restrained, and/or denied Plaintiff's exercise of, or attempted exercise of, her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(l) and 29 CFR §825.220

132.    Defendant violated the FMLA and several regulations promulgated under the FMLA, and pursuant to 29 CFR §825.220, each such violation constitutes interfering with, restraining, and/or denying Plaintiff exercise of or attempted exercise of her rights under the FMLA.

133.    Defendant's violations of the FMLA included, without limitation, discouraging and intimidating Plaintiff from using FMLA leave, pressuring and preventing Plaintiff from using her FMLA leave, denying Plaintiff the right to exercise her FMLA leave and treating Plaintiff differently than other similarly situated employees because of her requests for FMLA leave.

134.    Defendant willfully and unlawfully discharged Plaintiff and interfered with Plaintiff's use of an entitlement to FMLA leave because she exercised or attempted to exercise her rights under the FMLA, in violation of 29 U.S.C. § 2615(a) and 29 CFR § 825.220.

135.    Defendant's terminated Plaintiff's employment in order to prevent her from exercising her rights provided by the FMLA and the termination effectively denied Plaintiff her FMLA protected leave.

136.    The actions of Defendant were taken willfully and with intentional disregard of the rights of the Plaintiff under the FMLA.

137.    Under the FMLA, Plaintiff is entitled to the reinstatement to her position.

138.    As a result of the actions of Defendant as described above, Plaintiff has suffered compensatory damages, including but not limited to back pay, front pay, lost wages, lost medical coverage, lost retirement benefits, and other lost benefits of her employment.

139.    The actions of Defendant as described above were not taken in good faith and were taken without reasonable grounds to believe they were not in violation of 29 U.S.C. § 2615, thereby entitling Plaintiff to recover from Defendant liquidated damages pursuant to 29 U.S.C. § 2617(a)(t)(A).

140.    As a result of the actions of Defendant, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs pursuant to 29 U.S.C. § 2617(a)(3).

### AS A SIXTH CAUSE OF ACTION FOR
### RETALIATION UNDER THE FMLA

141.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

142.    Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of here.

143.    After Plaintiff requested paid time off and unpaid leave to which she is entitled to both under the Defendant's policies and pursuant to the FMLA, Plaintiff's employment was terminated on February 2024.

144.    Instead of addressing these issues appropriately, Defendant proceeded to quickly terminate her without considering or exploring alternative solutions that would have allowed her to continue working while tending to her mother's serious health condition.

145.    Plaintiff suffered an adverse employment action when he was wrongfully terminated.

146.    Defendant's alleged reason for terminating Plaintiff's employment is pretextual and baseless. Defendant fired Plaintiff because he asserted a right recognized under the FMLA.

147.    Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

148.    As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

149.    Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**JURY DEMAND AND PRAYER FOR RELIEF**

150.    Plaintiff requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective Members and the Class, respectfully requests that the Court:

A.  Declare that the practices complained of herein are unlawful under applicable federal and State laws;

B.  Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.  Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendant to provide Plaintiff with a list of all members of the FLSA Collective Members, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.  Designate Plaintiff as the representative of the FLSA Collective Members, and her counsel of record as class counsel;

E.  Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendant's violations of the FLSA, and award those damages against Defendant and in favor of Plaintiff and the FLSA Collective Members, plus such pre-judgment and post-judgment interest as may be allowed by law;

F.  Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendant to provide Plaintiff with a list of all members of the Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G.  Designate Plaintiff as the representative of the Class, and her counsel of record as class counsel;

H.  Determine the damages sustained by Plaintiff, the Class, and the Subclass as a result of Defendant's violations of the NYLL, and award those damages against Defendant and in favor of Plaintiff, the Class, and the Subclass, plus such pre-judgment and post-judgment interest as may be allowed by law;

I.  Award Plaintiff, the FLSA Collective, the Class, and the Subclass an additional equal amount as liquidated damages because Joint Defendants' violations were without a good faith basis;

J.  Award Plaintiff, the FLSA Collective and the Class, their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees;

K.  Award damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful interference and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

L.  Award Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

M.  Award Plaintiff punitive damages;

N.  Award Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

O.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
  February 17, 2026

Respectfully submitted,
**CONSUMER ATTORNEYS, PLLC**
By:/s/ *Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Kimberly Ziscand and*
*all others similarly situated*