**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| KIMBERLY ZISCAND, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>V&B PHARMACY INC. d/b/a HAVEN DRUGS,<br><br>Defendant. | Case No.: 2:26-cv-946 (SJB) (LGD)<br><br>**DECLARATION OF EMANUEL KATAEV, ESQ., IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT** |

EMANUEL KATAEV, ESQ., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am an attorney admitted to practice in the State of New York and before this Court, and the managing member of Sage Legal LLC, attorneys for Plaintiff Kimberly Ziscand ("Plaintiff") in this case.

2. I respectfully submit this declaration pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and Local Civil Rule ("LCR") 55.1(a)(2) in support of Plaintiff's request that the Clerk of Court enter the default of Defendant V&B Pharmacy Inc. d/b/a Haven Drugs ("Defendant") and issue a Clerk's Certificate of Default.

3. I have personal knowledge of the facts set forth herein based on my representation of Plaintiff, as well as a review of my firm's file and the Court's docket in this case.

4. Plaintiff commenced this case on February 17, 2026, by filing the Complaint seeking affirmative relief under the Fair Labor Standards Act, the Family and Medical Leave Act,

and the New York Labor Law, individually and on behalf of a putative collective and class. See ECF Docket Entry ("ECF") 1. The Complaint remains the operative pleading.

5. The Complaint alleges that Defendant is a corporation existing under the laws of the State of New York. See ECF 1 ¶ 10.

6. On February 23, 2026, the Clerk issued the summons to Defendant. See ECF 6.

7. On March 19, 2026, at 3:24 p.m., Plaintiff's process server, Carmelo Faccioli, a person at least eighteen (18) years of age and not a party to this case, personally delivered the summons, Complaint, civil cover sheet, case assignment, and notice of option to consent to magistrate judge jurisdiction to "Cathy Doe (Refused last name), Pharmacy Technician," at Defendant's place of business, 76 Southaven Avenue, Medford, NY 11763. See ECF 7 at 5.

8. In his affidavit of service, affirmed on April 3, 2026 under penalty of perjury pursuant to New York Civil Practice Law & Rules ("CPLR") 2106, Mr. Faccioli attests that he delivered the documents to "the party or person authorized to receive process for the party." Id.

9. Service was therefore made in accordance with Rule 4(h)(1)(B), which permits service upon a corporation by delivering a copy of the summons and of the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," and Rules 4(h)(1)(A) and 4(e)(1), which permit service in the manner prescribed by New York law, including delivery to an officer, director, managing or general agent, or any other agent authorized by appointment or by law to receive service. See CPLR § 311(a)(1); see also Fashion Page, Ltd. v. Zurich Ins. Co., 50 N.Y.2d 265, 271-73 (1980) (process server may rely on corporate employees to identify the proper person to accept service).

10. On April 27, 2026, Plaintiff filed proof of service with the Court as required by Rule 4(l)(1). See ECF 7.

11. Defendant's answer was due on April 9, 2026, twenty-one (21) days after service. See Fed. R. Civ. P. 12(a)(1)(A)(i); ECF 7. That deadline has expired.

12. As of the date of this declaration, Defendant has not served or filed an answer, moved against the Complaint, appeared, or otherwise defended this case. No attorney has filed a notice of appearance on Defendant's behalf and, as a corporation, Defendant may appear in this Court only through licensed counsel. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); see also Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007).

13. The docket reflects no extension of Defendant's response deadline, and my file reflects no agreement extending that deadline, nor has anyone contacted your undersigned n behalf of the Defendant.

14. Because Defendant is a corporation and not a natural person, it is not an infant or an incompetent person, and it is not in the military service of the United States; the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, is therefore inapplicable.

15. On September 2, 2026, Plaintiff reported Defendant's default and requested until October 31, 2026, to request a certificate of default. See ECF 8.

16. By text order dated September 3, 2026, the Hon. Lee G. Dunst, U.S.M.J. ("Judge Dunst") approved that request and directed Plaintiff to request a certificate of default by October 31, 2026. This request is timely made pursuant to that Order.

17. In accordance with LCR 55.1(a)(4), copies of Plaintiff's Request for Certificate of Default, this declaration, and the proposed Clerk's Certificate of Default are being served on Defendant by first-class mail at its last known business address, 76 Southaven Avenue, Medford, New York 11763, as set forth in the accompanying Certificate of Service.

18. In addition, Plaintiff reports that there exists an additional address, 1699 NY 112, Suite C, Medford, NY 11763, at which Defendant may be served, where Defendant moved to, at which your undersigned will cause a copy to be served, as well.

19. For these reasons, Plaintiff respectfully requests that the Clerk enter Defendant's default pursuant to Rule 55(a) and LCR 55.1 and issue the accompanying proposed Clerk's Certificate of Default.

20. This application seeks entry of default only; no default judgment or determination of damages is requested at this stage. Plaintiff will separately move for a default judgment pursuant to Rule 55(b)(2) and LCR 55.2.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 31, 2026, at Great Neck, New York.

*/s/ Emanuel Kataev, Esq.*
EMANUEL KATAEV, ESQ.